### KANSAS CITY v. BAIRD, Appellant.

Division Two, May 21, 1901.

**Appellate Jurisdiction:** REPORTING DIPHTHERIA TO BOARD OF HEALTH: ORDINANCE:RELIGIOUS FREEDOM. Defendant, as a physician, was convicted of a violation of a city ordinance requiring physicians, "who shall prescribe or treat any case of diphtheria," to report the same to the board of health. Being convicted and fined, in her motion for a new trial she charged that the judgment was in violation of the constitutional provision concerning religious freedom. *Held,* that there is no constitutional question involved in the case, and the appeal was to the proper Court of Appeals.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Witten & Hughes* and *McDougal & Sebree* for appellant.

(1)   The appellant was not a physician.   R. S. 1899, sec. 8515; Bouv. Law Dict., tit. "Physician"; Wheeler v. Sawyer, 15 Atl. Rep. 67; Smith v. Lane, 24 Hun (N. Y.), 632; State v. Mylod, 40 Atl. Rep. (R. I.), 753.   (2)   Appellant's conviction was in violation of the Constitution of this State.   Constitution, art. 2, sec. 5; Reynolds v. United States, 98 U. S. 142; Law Notes, Editorial, November, 1898; 47 Cent. Law Journal, 285.

*Frank Gordon* for respondent.

(1)   The appellant is a physician.   R. S. 1899, sec. 8515; 2 Rapalje and Lawrence's Law Dictionary, p. 961, tit. "Physician"; Wharton's Law Dictionary, p. 511, tit. "Physician"; Davidson v. Pohlman, 37 Mo. App. 576; Hewitt v. Cherrier, 16 Pick. 353; Bibber v. Simpson, 59 Me. 191; Nelson v. Harrington, 72 Wis. 591; State v. Buswell, 40 Neb. 158.   (2)   Appellant's contention that her conviction was in violation of the Constitution of Missouri is not borne out by the facts.   Constitution, art. 2, sec. 5; State v. Buswell, 40 Neb. 158.

GANTT, J.—This is an action for the violation of a city ordinance of Kansas City which provides that "every physician who shall prescribe for or treat any case of . . . . diphtheria . . . . shall immediately on receiving knowledge that the person or persons are afflicted with any of said diseases, report the same to the board of health and any *physician* who shall fail, neglect, or refuse to so report, etc., shall be deemed guilty of a misdemeanor and on conviction fined not more than fifty dollars."

The petition charges that Mrs. Baird did "unlawfully fail, neglect and refuse to report to the board of health of said city a certain case of diphtheria of which she had knowledge, which said case of diphtheria the said Amanda J. Baird, physician, attended and treated in a professional capacity, and had knowledge that said patient was afflicted with diphtheria."

The defendant pleaded not guilty, was tried and fined fifty dollars.

This case has been improperly appealed to this court.

There is no constitutional question involved in this case. It is true in her motion for new trial defendant says the judgment is in violation of section 5, article 2, of the Constitution of this State, but she might as well have named any other provision of the organic law, as it is evident that her constitutional right of religious freedom was in no sense involved in the action.

The record is ordered transferred to the Kansas City Court of Appeals, because this court has no jurisdiction to hear and determine this appeal.

*Sherwood, P. J.,* and *Burgess, J.,* concur.