ANNA N. DAVIDSON, Respondent, v. HARTFORD LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. CONSTITUTIONAL LAW: Peremptory Instruction: Due Process of Law. Where a trial court trying an action with a jury on a policy of life insurance, hears the evidence introduced by each side and at its conclusion instructs the jury, peremptorily, that under the law and the evidence the verdict must be for the plaintiff, which verdict the jury renders, the defendant's property is not taken without due process of law, in violation of the 14th Amendment to the Constitution of the United States, or section 30, article 2, of the Constitution of Missouri; and such action does not involve a construction of the Constitution so as to deprive the Court of Appeals of jurisdiction.

2. ————: ————: Issues: Trial by Jury. In such case the defendant is not deprived of the right of a trial by jury, since such a trial cannot be had without legal issues of fact are presented by the evidence and it is for the court to determine as a matter of law, whether the evidence does present an issue for the jury to determine; and though the court's decision may be erroneous, it is nevertheless due process of law.

3. ———: ———: Fourteenth Amendment: Governmental De-
partments. While the Fourteenth Amendment to the Constitu-
tion of the United States forbids a state to deprive any person of
his property without due process of law, yet such prohibition
applies to any agency of the state, whether legislative, executive
or judicial.

4. ———: ———: ———: Jurisdiction. But if a court has jur-
isdiction of the person and subject-matter of a case affecting
one's rights of property, all action taken within the limits of
that jurisdiction is due process of law. Due process of law be-
ing no more than administration of the law through courts of
justice in the regular course. And when such action is had it
does not present a question involving the construction of the
Constitution.

5. ———: ———: ———: ———. The Courts of Appeal, as well
as the Supreme Court, have jurisdiction to decide whether a
construction of the Constitution is involved, the controlling
jurisdiction being in the latter court through its superintend-
ing control. But the Supreme Court has exclusive jurisdiction to
determine what the construction shall be.

6. ———: ———: ———: Motion for New Trial. In order to
oust the Court of Appeals of jurisdiction of a case on the ground
that it involved a construction of the Constitution, it must appear
in the record that the question was clearly presented at the first
opportunity offered in the trial court, and, in some cases, this
may be the filing of a motion for new trial, as where the trial
court is said to have deprived a party of his property without
due process of law by peremptorily instructing the jury to find
a verdict for the opposite party.

7. ———: ———: ———: ———: ———. In order that ju-
risdiction of the Court of Appeals may be ousted on account of a
constitutional question, the case must involve a construction of
the Constitution. The mere invoking a provision of the Consti-
tution by a party in the cause does not necessarily involve its
construction.

Appeal from Jackson Circuit Court.—*Hon. E. E. Por-
terfield,* Judge.

Motion to transfer to Supreme Court Overruled.

*Jones, Jones, Hocker & Davis* for appellant.

*Haff & Michaels* for respondent.

Davidson v. Life Insurance Co.

ELLISON, J.—Plaintiff's husband took out a policy of life insurance in the defendant company payable to her and thereafter died. Defendant refused to pay and plaintiff instituted an action to recover the amount named in the policy. A trial was had before the circuit court with the aid of a jury. At the close of the evidence defendant asked the court to give a peremptory instruction directing a verdict for it. The court refused to do so and it excepted. Plaintiff thereupon asked for a peremptory instruction directing a verdict for her, which the court gave, and defendant again excepted. The jury returned a verdict for plaintiff as directed by the court. The defendant thereupon appealed to this court.

When the cause was docketed for hearing in this court, defendant filed a motion to transfer it to the Supreme Court of the state on the ground that its determination involved the construction of the Fourteenth Amendment to the Constitution of the United States. The particular specification is, that when the trial court directed a verdict for plaintiff it took from defendant the right of a trial by jury, which was depriving it of its property without that due process of law which is vouchsafed by the amendment to the Constitution to which we have just referred, which reads as follows: "Nor shall any state deprive any person of life, liberty or property without due process of law."

While the inhibition is directed against the state, it has been decided that the action of the state can be had through its judicial agency as well as by its legislative or executive branch of government; and therefore the Supreme Court of the United States will review the judgment of a state court in order to ascertain whether that court, by its judgment, has taken property without due process of law. [Chicago, Burlington & Quincy R. R. v. Chicago, 166 U. S. 226, 232-235.] To the same effect is Fayerweather v. Ritch, 195 U. S.

276. It seems to us that these cases are not in harmony with the earlier case of Arrowsmith v. Harmoning, 118 U. S. 194, and they should be regarded as overruling the general statements as to the scope of the amendment which are made in that case.

So, in keeping with this construction of the constitutional provision in question, it has been decided that although a party has been duly notified of the proceedings against him, a court has not the power to condemn him after striking out his answer, since that is tantamount to condemnation without notice or hearing. [Hovey v. Elliott, 167 U. S. 409.] And the same view is stated where, on notice by publication, the party appeared and subsequently his appearance was stricken out and his right to appear denied and his property condemned, it was held to be a judgment without a hearing. [Windsor v. McVeigh, 93 U. S. 274.]

But the Supreme Court of the United States, while asserting the broad power and jurisdiction we have stated, has never felt authorized to interfere with the judgment of a state court so long as it has acted *within the power* of its jurisdiction (Windsor v. McVeigh, 93 U. S. 274, 283), and it has declared that it was permitted only to enquire whether the court complained of prescribed any rule that was in absolute disregard of the party's right. [Chicago, Burlington & Quincy R. R. Co. v. Chicago, 168 U. S. 226, 246, 247.] And that it could not re-examine the facts found by a jury even though it thought the jury erred. [Ib. 241-245.]

The sum of the foregoing is that if a court has jurisdiction, of person and subject matter, of a case affecting a party's rights of property, all action taken within the limit of that jurisdiction, is due process of law, within the meaning of the Fourteenth Amendment to the Constitution of the United States, and section 30, article 2, Constitution of Missouri, however erroneous the judgment may be. And this is the substance of the

definition given in 2 Kent's Com. 13, quoted and adopt-
ed in Jones v. Yore, 142 Mo. 38; that is, due process of
law "means law in the regular course of administra-
tion through courts of justice."

In this case the jurisdiction of the trial court of
the person and subject-matter is not questioned. The
case, including the pleadings and the evidence which
each party offered, was before that court in due form
of procedure. The defendant entertained the view that
the evidence for plaintiff failed to make an issue, as
a matter of law, and asked the court to take the case
from the consideration of the jury by directing a ver-
dict for it. The plaintiff was of the opinion that the
policy being admitted, the evidence showed no defense,
as a matter of law, and asked an instruction directing
a verdict for her. Here then were the two contending
parties, each recognizing the jurisdiction and power of
the trial court to take the case from the consideration of
the jury, and each asking that it be done, but each
wanting the withdrawal to be accompanied by a direc-
tion to find a verdict against the other. There was
thus presented to the court by the proper and usual
procedure, a question it had the jurisdiction and power
to decide, viz: Did the evidence, as a matter of law,
make or fail to make a case for the jury to pass on?
The court, in duty bound to make a decision, concluded
that the evidence made a case for the plaintiff and that
it failed to show any defense, and therefore a verdict
for plaintiff was directed. That decision was not de-
priving defendant of a right of trial by jury; for,
under the law, in the opinion of the court, it had no
such right. One has not a right to a jury trial if he has
no issue to try, and whether he has presented an issue
by the evidence he introduces, is a question of law
for the court. If the decision is against him, it is his
misfortune which he must correct by appeal, but, nev-
ertheless, it is due process of law.

If that was not due process of law, the case would ultimately be within the jurisdiction of the Supreme Court of the United States, and hence the position taken by defendant would lead to this: That in every instance where a trial court sustained a demurrer to the evidence or directed a verdict after all evidence was heard, a question of due process of law would arise and the case would, ultimately, be appealable to the Supreme Court of the United States, which court would be compelled to review the evidence to ascertain whether the trial court had given it proper interpretation and was justified in deciding, as a matter of law, that no issue was made for the jury to consider.

But it is said that the jurisdiction to decide whether a construction of the Constitution is involved, belongs exclusively to the Supreme Court. That cannot be true. If that is a correct statement, then we must transfer all cases on the asking, as a matter of course. Whether a construction of the Constitution is involved in a case is a question within the jurisdiction of both courts, the controlling jurisdiction residing in the Supreme Court, which may be enforced by its supervisory control. What that construction shall be is within the exclusive jurisdiction of the Supreme Court. But the courts of appeal necessarily have the right to determine whether they have jurisdiction of a case, guided, of course, by the latest ruling of the Supreme Court. But they have not the right to determine the jurisdiction of the Supreme Court; and hence, if one of the courts of appeal was to determine it had jurisdiction of a case, or, which is the same thing, that the Supreme Court did not have, when, in the opinion of that court it did have, it could compel a transfer of the case.

We therefore have the right in this case to enquire into our own jurisdiction; that is to say, whether a constitutional question is involved, and we proceed to

do so. In instances of the nature here presented, in order to oust us of jurisdiction it must appear, as a primary requisite, that the question was clearly presented in the record at the first opportunity afforded in the trial court. [Hartzler v. Met. Street Ry. Co., 218 Mo. 562; Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685; State v. Gamma, 215 Mo. 100.]

It sometimes occurs that an opportunity first arises when the motion for new trial is presented (Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 689; Logan v. Field, 192 Mo. 54, 66), and we think this case was an occasion of that kind. The constitutional right which defendant claims was denied to it, first appeared or occurred, in giving the peremptory instruction to find for plaintiff. Defendant objected to this and stated it as a reason for a new trial, specifying the grounds of objection by naming the clause of the Constitution which the ruling of the court was said to have invaded.

We have then only to enquire whether the point made by defendant presents a constitutional question; or, as better expressed, whether it involves a construction of the Constitution. It is obvious that the mere invoking a provision of the Constitution by a party does not necessarily demand its construction. The *case* must involve its construction. We have already seen where the court has jurisdiction of the person and subject-matter, and acts within the power of its jurisdiction, no ruling in the case, however erroneous, will subject it to the charge of taking property without due process of law under the terms of the Fourteenth Amendment to the Federal Constitution as interpreted by the Supreme Court of the United States. And the Supreme Court of Missouri has repeatedly decided that such rulings did not present a case involving the construction of the Constitution. Thus a party invoked the provision of the Constitution relied upon in this case, by asking an

instruction thereon, and it was held that as the case did not involve a construction of the Constitution, appellate jurisdiction would not be allowed to be determined by the unfounded act of the party. [Hulett v. Ry. Co., 145 Mo. 35.] And the same provision was invoked in a motion for new trial in Woody. v. Ry. Co., 173 Mo. 547, and the same ruling made, the court using the following language, especially applicable to the present case: "Does the constitutional question raised in the motion for a new trial, to-wit, that if the judgment stands, adjudging costs against defendant, it will be deprived of its property without due process of law, require this court to determine the case? If it does, then every time a judgment is rendered against any party, all that he or she will be required to do to insure a hearing of his or her appeal in this court, is to allege in a motion for a new trial that if the judgment stands it will deprive him or her of his or her property without due process of law.

"In the case at bar the defendant was brought before the court by summons duly served; its pleas were filed and issue joined thereon; its evidence was heard; the court had jurisdiction of the subject-matter, and the parties; that it may have erred in a matter of practice did not raise a question involving the construction of the Constitution of this state."

The same ruling was made in the cases of Hilgert v. Barber Asphalt Co., 173 Mo. 319, and Kansas City v. Baird, 163 Mo. 196. And in this court we decided that a ruling as to the admission of evidence in the course of a trial, could not be made a ground for invoking a provision of the Constitution so as to deprive us of jurisdiction. [Paving Co. v. O'Brien, 128 Mo. App. 267.]

We therefore hold that no reason appears for a transfer of the case to the Supreme Court and the motion will be overruled. All concur.