STATE of Missouri, Respondent,

v.

Terry Lee EDWARDS, Appellant.

No. 80808.

Supreme Court of Missouri,
En Banc.

Jan. 5, 1999.

Rehearing Denied Feb. 9, 1999.

Kent E. Gipson, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

MICHAEL A. WOLFF, Judge.

Appellant, Terry Lee Edwards, was convicted on February 8, 1995, after trial by jury, of sodomy, section 566.060.2, RSMo Supp.1992, and sexual abuse in the first degree, section 566.100, RSMo Supp.1992. Edwards was sentenced by the court on April 11, 1995, as a prior offender, persistent offender, and class X offender pursuant to sections 558.016.2, 557.036.4, and 558.019, RSMo Supp.1992, to concurrent sentences of eight and two years on the sodomy and sexual abuse convictions, respectively. Edwards' convictions were affirmed by the Court of Appeals, Western District, on January 30, 1996; rehearing and transfer to this Court were denied. *State v. Edwards*, 918 S.W.2d 841 (Mo.App.1996). Shortly after his conviction was affirmed, Edwards began serving his sentence.

Edwards retained new counsel to represent him in the fall of 1996, and a motion to recall the mandate was filed on November 7, 1996, in the court of appeals. On March 3, 1998, a three-judge panel of the court of appeals granted Edwards' motion to recall the mandate, vacated the appellant's conviction and eight-year sentence for sodomy, and remanded the case for re-sentencing as a misdemeanor child molestation. Following the state's motion for rehearing and/or transfer, which was overruled in the court of appeals, this Court sustained the state's application to transfer. Jurisdiction of the case is now in this Court, pursuant to article V, section 10, of the Missouri Constitution.

The victim, K.E., was born on April 25, 1981, and lived in Independence with her mother, grandmother, two brothers and her uncle, the defendant Edwards. K.E. testified that Edwards touched her on the breast, vagina and on her panties. The last occurrence was in 1993 when he got on top of her; she was 12 years old at that time. The charged offenses took place sometime between September of 1990 and October of 1993.

Edwards was indicted for the felony of sodomy pursuant to section 566.060, RSMo Supp.1992. Before trial, the statute was re-pealed and the new provisions enacted as part of Missouri's revision of its sexual crimes statutes. The new statute took effect on January 1, 1995. Edwards' trial commenced on February 7, 1995. Edwards was tried under the old statute. Under the amendatory law, two degrees of statutory sodomy were enacted, sections 566.062 [1] (first degree) and 566.064 (second degree). The relevant section, 566.062.1, provides that "[a] person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." "Deviate sexual intercourse" was redefined as:

any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Section 566.010(1).

Under the new law, the acts allegedly done by Edwards would not be sodomy, but would be included in the sections on child molestation. Two child molestation offenses were enacted. Section 566.067.1 provides that "[a] person commits the crime of child molestation in the first degree if he subjects another person who is less than 12 years of age to sexual contact." Section 566.068.1 provides that: "[a] person commits the crime of child molestation in the second degree if he subjects another person who is 12 or 13 years of age to sexual contact." "Sexual contact" means "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3).

Section 1.160 governs. It requires that a defendant be tried for the offense as defined by the law that existed at the time of the offense, but the defendant is to be punished in accordance with the new law if the punishment prescribed has been reduced. *State v. Pritchard*, 982 S.W.2d 273 (Mo. banc

[1]. All statutory references are to RSMo 1994, unless otherwise indicated.

1999). Thus, under section 1.160, Edwards would properly be tried under the old statute, for sodomy, but his sentence would be governed by the punishment set forth in the new statutes.

■ As a prior offender, Edwards is not entitled to a jury recommendation as to sentence. The sentence is solely in the discretion of the trial court, within the range as set by the applicable statute.

■ A motion to recall the mandate is proper when a defendant seeks relief from defects in the court of appeals proceedings. *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo. 1978). Prior to January 1, 1996 [2], claims of ineffective assistance of appellate counsel were raised by a motion to recall the mandate of the appellate court. *See, e.g, Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994). To support such a motion, strong grounds must exist showing that counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that a competent and effective appellate lawyer would have recognized it and asserted it. *Id.*

However, in this case Edwards' reliance on a motion to recall a mandate is misplaced. His motion does not directly state that he was sentenced under the old statute. The decision of the court of appeals recalling its mandate, however, assumes that the trial court's sentence was imposed under the repealed statute. While that assumption may be accurate, the record is silent on which statute was the basis for the sentence. We cannot justify relief in an appellate court based solely upon such an assumption.

The state contends that the eight year sentence for sodomy was within the appropriate range of punishment for the class C felony of child molestation in the first degree as that range of punishment is enhanced by the "persistent offender" finding, pursuant to section 558.018.7(3). The state bases its contention on the evidence that the victim was only 11 years old at the time of the offense; thus, the appropriate punishment would be

that imposed for first-degree child molestation. Second-degree child molestation involves sexual conduct where the victim is 12 or 13 years old. These age distinctions, of course, did not apply to the old sodomy statute under which Edwards was tried and convicted. Thus, the question of whether the child was 12 years old (now punished as second-degree child molestation) or 11 years old (now punished as first-degree child molestation) does not appear in the record of the trial court's judgment.

■ The burden is upon Edwards to show that his sentence was imposed, contrary to law, under the old statute. To do so, he will need to develop a factual record. To support his contention that he is under a sentence that was unlawfully imposed, Edwards' remedy, if the circumstances warrant, is habeas corpus in an appropriate trial court. Rule 91. The nature of habeas corpus relief is very limited, *State ex rel. Simmons v. White*, 866 S.W.2d 443 (Mo. banc 1993), but it is inclusive of claims that the sentencing court utilized a repealed and inapplicable statute. Section 532.430(1), RSMo 1994. *See, State ex rel. Osowski v. Purkett*, 908 S.W.2d 690 (Mo. banc 1995); *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, (Mo. banc 1992); and *State ex rel. Simmons v. White*, *supra*, 866 S.W.2d at 445. In the trial court, he will have to establish that the sentencing court did sentence him under the old sodomy law that had been repealed and that his sentence exceeds the term that would have been imposed by the sentencing court for his conduct, whether the appropriate punishment is that established for child molestation in the first or second degree under the new statute.

The case is re-transferred to the Court of Appeals, Western District, with directions to overrule the motion to recall the mandate.

All concur.

---

**2.** Rule 29.15, as amended in June 1995, and effective January 1, 1996, provides that a Rule 29.15 motion is the exclusive procedure for claims of ineffective assistance of trial *and* appellate counsel for sentences imposed after January 1, 1996.