STATE of Missouri, ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,

v.

The Honorable Gary SPRICK, Associate Judge, Randolph County, and Norma Prange, Circuit Clerk of Randolph County, Respondents.

No. SC 83543.

Supreme Court of Missouri, En Banc.

Nov. 20, 2001.

**516**

Jeremiah W. (Jay) Nixon, Atty. General, Stephen D. Hawke, Assistant Attorney General, Jefferson City, for relator.

John W. Simon, Clayton, for respondents.

## ORIGINAL PROCEEDING IN CERTIORARI

JOHN C. HOLSTEIN, Judge.

This is an original proceeding in certiorari to review the Circuit Court of Randolph County's order granting a writ of habeas corpus to Terry Lee Edwards. The order vacated Edwards' eight-year sentence for sodomy and remanded to the trial court to determine whether Edwards should be sentenced according to the penalty provided for child molestation in the first degree, or child molestation in the second degree, and then resentence Edwards accordingly. Finding that the court acted in excess of its jurisdiction, the record of the circuit court granting a writ of habeas corpus is quashed.

### I.

The facts of this case have been described both in Edward's direct appeal, *State v. Edwards,* 918 S.W.2d 841 (Mo. App.1996), and in this Court's review of the court of appeals' grant of Edwards' motion to recall the mandate, *State v. Edwards,* 983 S.W.2d 520 (Mo. banc 1999) (*Edwards II* ). At the time of the charged incidents of abuse, the victim, K.E., lived with Edwards (her uncle), her mother, grandmother, and two brothers in Independence, Missouri. At trial, K.E. testified that Edwards "sexually abused" her from the time she was "five, six, or seven" years old. She also described two or three incidents of abuse when she was eleven,

and one when she was twelve years old. K.E. stated that on one occasion when she was eleven years old, Edwards touched her vagina "below her panties" and touched her breast. She testified that the last time she remembered Edwards touching her was in early October 1993 when she was twelve years old. At that time he "touched [her] on [her] breast and on top of [her] panties."

Edwards was charged by a two-count indictment. Count I alleged that he committed sodomy through deviate sexual intercourse with K.E. when he touched her genitals when she was less than fourteen years old. *Sec. 566.060.3, RSMo Supp. 1992.* Count II alleged Edwards committed first degree sexual assault by touching the child's breasts when she was less than twelve years old. *Sec. 566.100, RSMo Supp.1992.* Edwards was sentenced by the trial judge as a class X (sec. 558.019, RSMo Supp 1992) and a prior and persistent offender, (secs. 558.016 and 557.036.4, RSMo Supp.1992) to concurrent terms of eight years under Count I and two years under Count II.[1]

Before Edwards' trial, the sodomy statute under which he was charged, section 566.060, was repealed and the legislature devised new law to govern the same conduct. Under the prior law, touching the genitals of a child under fourteen years old through the clothing for purposes of sexual gratification was not sodomy; it was sexual abuse in the first degree because it involved sexual contact as then defined. *Secs. 566.100.1(2) and 566.010(2), RSMo Supp.1992.* The relevant form of the crime of sodomy under the older scheme required that the child be subjected to deviate sexual intercourse, that is, an actual touching of the genitals. *Sec. 566.060.3, RSMo Supp 1992.*

Under the new law, effective January 1, 1995, touching a child's genitals is not sodomy or sexual abuse, but is instead punishable as child molestation in the first or second degree, depending on the age of the child. The new section on first-degree child molestation, section 566.067, RSMo 1994, provides: "A person commits the crime of child molestation in the first degree if he subjects another person who is less than twelve years of age to sexual contact." It is punishable as a class C felony. Section 566.068, RSMo 1994, governing second-degree child molestation, provides that: "A person commits the crime of child molestation in the second degree if he subjects another person who is less than fourteen years of age to sexual contact." Second degree child molestation is punishable as a class A misdemeanor, absent certain aggravating circumstances not relevant here. *Sec. 566.068.2, RSMo 1994.* "Sexual contact" under the amendatory law is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." *Sec. 566.010(3), RSMo 2000.*

In *Edwards II* this Court found that the amended statutory scheme of chapter 566 should have been applied to Edwards' sentencing because Edwards might be entitled to a lesser punishment under the amendatory law. *Sec. 1.160, RSMo 2000; Edwards,* 983 S.W.2d 520 at 521–522. Following this Court's suggestion, Edwards petitioned for a writ of habeas corpus in the appropriate venue. The habeas court granted the writ, vacating the sentence

---

1. Because Edwards has served more than two years, any question regarding the propriety of the sentence under Count II is moot.

and remanding the case to the sentencing court for resentencing under the proper statute. This Court has now granted certiorari to review the issuance of the writ of habeas corpus. The state does not dispute that Edwards' sentence should have been governed by the punishment set forth in the new statutes because they had the effect of reducing the punishment.

## II.

█ Before reaching the merits of the case, the Court considers Edwards' motion to supplement the record to include the instructions given to the jury at the sodomy trial. Whether a party may supplement the record on certiorari is dependent upon the scope of this Court's review in a certiorari proceeding. As a general rule, only "the record brought up by the return" is subject to review; evidence outside the record that was before the habeas court may not normally be considered on certiorari. *Missouri ex rel. Reorganized Sch. Dist. R-9 v. Windes*, 513 S.W.2d 385, 390 (Mo.1974).

█ At least one narrow exception has been recognized to that doctrine, however. In criminal matters involving the issue of due process where the extraneous matter bears on that issue and does not "impeach the judgment rendered," evidence outside the record may be considered by the certiorari court. *State ex rel. Stewart v. Blair*, 208 S.W.2d at 277. Though the term is somewhat arcane, it appears that evidence that impeaches the judgment rendered is evidence of matters that would be inadmissible if offered at the habeas proceeding because the evidence impeaches, or is "inconsistent with," the judgment in the criminal case. *Id.* at 276; *Young v. Parker*, 355 Mo. 245, 246, 195 S.W.2d 743, 744 (banc 1946). The instructions found in the record in the underlying criminal case would most certainly have been admissible

in the habeas proceeding because they do not oppose or impeach the verdict. Rather, the instructions explain what occurred at trial.

Though Edwards' right to due process is not directly asserted as the basis in his petition for writ of habeas corpus, it was asserted in argument before the habeas court and also in Edwards' briefs before this Court. And Edwards certainly had a due process liberty interest arising from an allegedly unlawful sentence. Accordingly, Edwards' request to supplement the record is sustained.

## III.

█ A grant of a writ of habeas corpus in a lower court is reviewed by writ of certiorari. *Missouri ex rel. Stewart v. Blair*, 357 Mo. 287, 208 S.W.2d 268, 277 (Mo. banc 1948). The State having sought and been granted its request that this Court review the lower court's writ of habeas corpus, it is now our function to examine the record, as supplemented, and determine whether the habeas court acted within the bounds of its jurisdiction. *State ex rel. Lindsay v. Kansas City*, 225 Mo. App. 139, 20 S.W.2d 7 (1928). Contrary to Edwards' argument, certiorari is not limited to challenges of subject matter and territorial jurisdiction. It is available to correct judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable by appeal. *State ex rel. Reorganized School District R-9 of Grundy County v. Windes*, 513 S.W.2d 385, 390 (Mo.1974). The writ is limited to review of questions of law, not questions of fact. *Id.* The sufficiency of the evidence to support the habeas writ is a question of law and subject to certiorari review. *State ex rel Stewart v. Blair*, 208 S.W.2d 268 at 276.

The habeas court's duty was to determine not only whether Edwards was punished under the proper statute, but also

whether Edwards' conduct constituted first or second degree child molestation. *State v. Edwards,* 983 S.W.2d 520, 521–522. Now, unlike in *Edwards II,* this Court has before it the record, including the trial transcript. This Court now can see that the child's testimony reveals only *one* act of sodomy under the prior law, that is, a direct touching of the child's vagina rather than contact through her clothing. That one act occurred when she was eleven years of age. Under the amended law, section 566.068, RSMo 1994, that act constituted child molestation in the first degree.

The record presented does not support the habeas court's conclusion that "the evidence ... does not clearly establish that the victim was less than twelve years of age at the time of the occurrence for which petitioner was convicted....[The jury] may have believed that incidents occurred only during age eleven; during both ages eleven and twelve; or only during age twelve." On this record, the jury could not have found that an act of "deviate sexual intercourse" constituting sodomy under the old law occurred after the child's twelfth birthday, because there was no evidence of that. The only evidence of an act constituting sodomy was one act that occurred when the victim was eleven. The correct punishment under the amendatory law, therefore, is that for the class C felony of child molestation in the first degree. *Eight years imprisonment is well within the twenty year maximum term that may be assessed against a persistent offender for committing a class C felony. Sec. 558.016.7(3), RSMo 2000.*

The record of the sentencing court is silent regarding which statute the sentencing judge relied on to assess punishment. According to the testimony of Edwards' trial counsel at the habeas hearing, the sentencing judge indicated, apparently off the record, that the judge believed the minimum punishment was five years, the minimum sentence under the preamendatory law. The sentencing judge also made comments on the record suggesting he was giving a lenient sentence because he believed Edwards' conduct was the product of alcoholism. Edwards argues that the trial judge would probably have given a more lenient sentence had the judge not been mistaken regarding the minimum punishment. But the trial judge had the opportunity to give a more lenient sentence than eight years even under a mistaken belief. The judge could have sentenced Edwards to five, six, or seven years, or he could have placed Edwards on probation, section 559.100, RSMo. 2000. He did not. For that reason alone, the argument is unpersuasive.

More importantly, the writ of habeas corpus is limited to cases of manifest injustice involving a claim of actual innocence, or where the sentence is unlawful. *Clay v. Dormire,* 37 S.W.3d 214 (Mo. banc 2000); *State ex rel. Osowski v. Purkett,* 908 S.W.2d 690 (Mo. banc 1995). Edward's trial counsel could have corrected the sentencing judge's misunderstanding of the range of sentencing by voicing an objection on the record at sentencing. Trial counsel did not do so. A claim that trial counsel was ineffective for failing to bring the error to the trial judge's attention might have been asserted in a timely-filed post-conviction motion. *Rule 29.15.* Edwards did not raise the issue. Habeas corpus is not a substitute for either a failure to object to trial court error or a procedural default of a post-conviction remedy. *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). Eight years was within the range of punishment authorized under both the old and new law. A sentence within the range authorized by the applicable statute cannot

be said to be manifestly unjust or unauthorized by law. Edwards' evidence falls short of establishing a right to the Great Writ.

Edwards also argues that he was constitutionally entitled to have a jury find beyond a reasonable doubt that the forbidden conduct occurred prior to the child's twelfth birthday, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The holding in *Apprendi* is not applied retrospectively to cases on collateral review, however. *Dukes v. United States*, 255 F.3d 912, 913 (8th Cir.2001). Such claims are procedurally barred if not asserted on direct appeal. *Id.* Second, though the jury was instructed that to convict of sodomy it need only find that defendant touched the vagina of the child and that she was under fourteen years old at the time, the one such incident in the record occurred when the child was eleven. The jury verdict necessarily determined beyond a reasonable doubt that the child was less than twelve for purposes of sentencing. The Sixth Amendment of the United States Constitution and Missouri Constitution article I, section 18(a), were not violated under the facts of this case.

Considering the entire record presented, including the instructions given the jury, the record does not support issuance of the writ of habeas corpus. This Court's role is to confine the habeas court to its legal authority to issue a habeas writ. The Court finds that the writ issued was in excess of jurisdiction.

The record of the circuit court granting a writ of habeas corpus is quashed.

All concur.