SUPREME COURT OF MISSOURI
 en banc
STATE OF MISSOURI, ) Opinion issued October 26, 2021
 )
 Appellant, )
 )
v. ) No. SC99034
 )
R.J.G., )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
 The Honorable Wendy Wexler Horn, Judge

 R.J.G. is alleged to have committed several felony offenses in October 2020, when

he was seventeen years old. The state charged R.J.G. with these offenses in a court of

general jurisdiction on January 7, 2021. R.J.G. filed a motion to dismiss the action, arguing

the circuit court’s juvenile division had the exclusive statutory authority to adjudicate these

charges pursuant to legislation enacted in 2018 (hereinafter, “the 2018 legislation”)

because he was seventeen years old at the time the offenses occurred. The circuit court

sustained R.J.G.’s motion and dismissed the state’s prosecution without prejudice. The

state appealed. R.J.G. filed a motion to dismiss the state’s appeal for lack of a final,

appealable judgment.
 This Court holds the circuit court’s order dismissing the state’s prosecution without

prejudice constituted a final, appealable judgment because it had the practical effect of

terminating the state’s prosecution in a court of general jurisdiction and refiling the charges

would be futile; therefore, R.J.G.’s motion to dismiss the state’s appeal is overruled. This

Court further holds the law as it existed at the time R.J.G. is alleged to have committed the

offenses governs which division has the statutory authority to adjudicate the offenses.

Because R.J.G. was considered an adult for purposes of chapter 211 at the time he is alleged

to have committed the offenses, the juvenile division did not have statutory authority to

adjudicate the offenses. The circuit court erred in dismissing the state’s prosecution in the

court of general jurisdiction. The circuit court’s judgment is reversed, and the cause is

remanded.

 Factual and Procedural History

 R.J.G., who was seventeen years old at the time, is alleged to have committed

several felony offenses on or about October 2, 2020. On January 7, 2021, the state filed an

indictment in the court of general jurisdiction charging R.J.G. with nine felony counts.

R.J.G. moved to dismiss the case, arguing the juvenile division had the exclusive statutory

authority to adjudicate any charges against him pursuant to section 211.031.1(3), RSMo

Supp. 2018, as amended by the 2018 legislation because he was younger than eighteen

years of age at the time the alleged offenses occurred. The state countered that

section 211.031.1(3) as amended did not control because it was not effective at the time

R.J.G. allegedly committed the offenses. The circuit court sustained R.J.G.’s motion to

dismiss without prejudice.

 2
 The state appealed to the Missouri Court of Appeals, Eastern District. R.J.G. filed

a motion to dismiss the state’s appeal for lack of a final, appealable judgment. The Eastern

District ordered R.J.G.’s motion to be taken with the case. This Court subsequently ordered

the case transferred prior to disposition pursuant to Rule 83.01. This Court has jurisdiction.

Mo. Const. art. V, sec. 10.

 Motion to Dismiss the Appeal

 R.J.G. filed a motion to dismiss the state’s appeal for lack of a final, appealable

judgment because the circuit court’s dismissal was entered without prejudice. R.J.G.

argues the circuit court’s judgment neither disposes of all disputed issues nor leaves

anything for further adjudication. R.J.G. contends, if the circuit court’s dismissal is a final

judgment, then neither the juvenile division nor the court of general jurisdiction has the

authority to adjudicate the allegations because they are both divisions of the same circuit

court. The state counters that, although the dismissal was without prejudice, the circuit

court’s dismissal had the practical effect of terminating the entire criminal proceeding and

precludes the state from prosecuting R.J.G. in the court of general jurisdiction.

 “This Court has an obligation, acting sua sponte if necessary, to determine its

authority to hear the appeals that come before it.” State v. Johnson, 617 S.W.3d 439, 443

(Mo. banc 2021) (quoting First Nat’l Bank of Dieterich v. Pointe Royale Prop. Owners’

Ass’n, Inc., 515 S.W.3d 219, 221 (Mo. banc 2017)). The right to appeal derives solely

from statute. State v. Waters, 597 S.W.3d 185, 186 (Mo. banc 2020). “If a statute does

not give a right to appeal, the appeal must be dismissed.” Id.

 3
 Section 547.200.1, RSMo 2016, 1 permits the state to appeal from any order or

judgment that results in: “(1) [q]uashing an arrest warrant; (2) [a] determination by the

court that the accused lacks the mental capacity or fitness to proceed to trial …;

(3) [s]uppressing evidence; or (4) [s]uppressing a confession or admission.” The parties

agree the circuit court’s dismissal is not an order enumerated in section 547.200.1 from

which the state may appeal. When the circuit court’s order or judgment does not fall into

any of the categories enumerated in section 547.200.1, the judgment must be final for the

state to appeal. State v. Smothers, 297 S.W.3d 626, 630 (Mo. App. W.D. 2009); see also

Rule 30.01(a) (“After the rendition of a final judgment in a criminal case, every party shall

be entitled to any appeal permitted by law.”).

 “[A] dismissal without prejudice is not a final order unless the dismissal has the

‘practical effect of terminating the litigation in the form in which it is cast or in the

plaintiff’s chosen forum.’” Smothers, 297 S.W.3d at 630-31 (emphasis omitted) (quoting

State v. Burns, 994 S.W.2d 941, 943 (Mo. banc 1999)). “The exception appears to be

limited to those rare situations in which a dismissal without prejudice is based on an

assertedly deficient claim ... or where the basis of the dismissal without prejudice places a

substantial cloud on a party’s right to further litigate an issue or claim ....” Burns,

994 S.W.3d at 943. When a litigant is precluded “from maintaining the action in the forum

chosen, it is a final judgment, irrespective of whether it is denominated ‘with prejudice’ or

‘without prejudice.’” Smothers, 297 S.W.3d at 631.

1
 All statutory references are to RSMo 2016 unless otherwise indicated.
 4
 The state contends the circuit court’s dismissal is a final, appealable judgment

because it had the practical effect of terminating the entire proceeding and prevents it from

prosecuting R.J.G. in the court of general jurisdiction. R.J.G. notes the factual dispute in

the indictment still may be adjudicated in the juvenile division, and, in fact, is pending as

a delinquency petition in the juvenile division. Hence, R.J.G. believes the state, acting

through the juvenile officer, is disposing of the same claims in the same circuit court.

 While the juvenile officer is a state actor, Adoption of C.M.B.R. v. E.M.B.R.,

332 S.W.3d 793, 806 (Mo. banc 2011), abrogated on other grounds by S.S.S. v. C.V.S.,

529 S.W.3d 811, 816 n.3 (Mo. banc 2017), R.J.G.’s argument fails to account for the

fundamental differences between juvenile division delinquency proceedings and criminal

proceedings in the court of general jurisdiction. It is inconsequential similar claims may

be, or have been, brought in a delinquency petition in the juvenile division because

“[j]uvenile proceedings are civil, not criminal, and are focused on continuing care,

protection, and rehabilitation of the juvenile, not punishment.” In the Interest of A.C.C.,

561 S.W.3d 425, 428 (Mo. App. E.D. 2018). “Although the juvenile [division] can adjudge

what would be criminal conduct but for a child’s infancy, delinquency proceedings are civil

in nature, and thus stand ‘apart from the criminal justice system.’” I.D. v. Juv. Officer,

611 S.W.3d 869, 874 (Mo. App. W.D. 2020) (quoting J.D.H. v. Juv. Ct. of St. Louis Cnty.,

508 S.W.2d 497, 500 (Mo. banc 1974)). Because the juvenile division has the exclusive

statutory authority to determine whether R.J.G. could be certified to be tried as adult, the

circuit court’s dismissal placed a substantial cloud on the state’s right to litigate these

 5
charges further in the court of general jurisdiction. Moreover, the circuit court’s dismissal

deprives the state of pursuing a range of remedies not available in the juvenile division.

 If the circuit court’s dismissal would render refiling the action futile, the order of

dismissal without prejudice is appealable. Mayes v. Saint Luke’s Hosp. of Kan. City,

430 S.W.3d 260, 266 (Mo. banc 2014). Refiling the state’s indictment in the court of

general jurisdiction would be futile in this case in that the circuit court determined it lacked

the statutory authority to adjudicate the charges. Because the circuit court’s dismissal

disposed of the state’s prosecution in its entirety and the indictment cannot be refiled in the

court of general jurisdiction, it is a final, appealable judgment. R.J.G.’s motion to dismiss

the state’s appeal is overruled.

 Standard of Review

 “This Court has not addressed the standard of review of a judgment sustaining a

motion to dismiss a criminal indictment[.]” State v. Merritt, 467 S.W.3d 808, 810

(Mo. banc 2015). In Merritt, this Court applied civil case law precedent to hold, if the

dismissal is justified on any ground alleged in the motion, this Court will affirm the

judgment. Id. at 810-11. Here, the facts are uncontested, and the only issue to resolve is

whether, and to what extent, the 2018 legislation applies in this case. “Statutory

interpretation is an issue of law, which is subject to de novo review.” D.E.G. v. Juv. Officer

of Jackson Cnty., 601 S.W.3d 212, 216 (Mo. banc 2020).

 Analysis

 The state argues the circuit court erred in sustaining R.J.G.’s motion to dismiss

because it believes the 2018 legislation expanding the juvenile division’s statutory

 6
authority over seventeen-year-olds was not retroactive. The state further argues the circuit

court erred in dismissing the prosecution because the expansion of the juvenile division’s

statutory authority to seventeen-year-olds was not effective at the time R.J.G. committed

or was charged with the offenses because the general assembly did not appropriate

sufficient funds for these services pursuant to section 211.438, RSMo Supp. 2018, until

July 1, 2021.

 The resolution of this case is controlled by this Court’s opinion in State ex rel. T.J.

v. Cundiff, No. SC98951 (Mo. banc October 26, 2021), decided concurrently herewith.

The same contentions are made concerning the 2018 legislation’s expansion of juvenile

division authority to seventeen-year-olds and whether the expansion of services was

effective on January 1, 2021, or when the general assembly appropriated sufficient funds

on July 1, 2021. T.J. holds the 2018 legislation did not become effective until the general

assembly appropriated sufficient funds on July 1, 2021, for the juvenile division to provide

the expanded services.

 “[A] defendant must be tried for the offense as defined by the law that existed at the

time of the offense.” State v. Pierce, 433 S.W.3d 424, 427 n.1 (Mo. banc 2014) (quoting

State v. Edwards, 983 S.W.2d 520, 521 (Mo. banc 1999)). Because the 2018 legislation

expanding the juvenile division’s statutory authority was not in effect at the time R.J.G.

committed the alleged offenses or when he was charged, the law as it existed at the time

the alleged offenses occurred governs which division of the circuit court had the authority

to dispose of the charges. In October 2020, section 211.021(1), RSMo 2016, defined an

“adult” as “a person seventeen years of age or older except for seventeen year old children

 7
as defined in this section.” Section 211.031.1(3), RSMo 2016, conferred upon the juvenile

division the original statutory authority “in proceedings … [i]nvolving any child who is

alleged to have violated a state law or municipal ordinance, or any person who is alleged

to have violated a state law or municipal ordinance prior to attaining the age of seventeen

years.” R.J.G. was seventeen years old at the time the alleged offenses were committed

and was considered an adult for purposes of chapter 211 pursuant to section 211.021(1)’s

definition in effect at the time of the alleged offenses in October 2020. Accordingly, the

juvenile division did not have the statutory authority to adjudicate the charged offenses,

and the circuit court erred in dismissing the state’s prosecution of R.J.G. in the court of

general jurisdiction.

 Conclusion

 The circuit court’s judgment is reversed, and the cause is remanded.

 _________________________________
 GEORGE W. DRAPER III, Judge

All concur.

 8