# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3813

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Romaine Dukes, | * | |
| | * | |
| Appellant. | * | |

_____

No. 97-4047

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Adolphus Archibald Mullings, | * |
| | * |
| Appellee. | * |

_____

Submitted: June 9, 1998
Filed:  July 16, 1998

_____

Before FAGG, BRIGHT, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Romaine Dukes and Adolphus Archibald Mullings were named in a superseding indictment charging them with several drug crimes. Mullings was charged as follows: count 1—conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and counts 2 through 7—distribution of Schedule II controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dukes was charged in counts 1, 6 and 7. A motion to sever was denied and they were tried together before a jury.

Mullings was found guilty of all counts except for the offense charged in count 2. Dukes was found guilty of all three charged counts.

The district court, finding Mullings qualified for the so-called "safety valve" provision found at section 5C1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(f), imposed a sentence of 132 months' imprisonment plus ten years' supervised release. Dukes was sentenced to life imprisonment plus ten years of supervised release.

Dukes appeals his conviction and sentence and the United States appeals the safety valve sentence imposed upon Mullings. We affirm.

I.      BACKGROUND

The Iowa Division of Narcotics Enforcement (IDNE) received information concerning drug trafficking in the Davenport, Iowa, area. Arrangements were made for a confidential informant (CI) and IDNE officers to purchase, in controlled buys, cocaine base (crack) from various individuals including Mullings. At least two relevant

purchases were observed by IDNE agents who spoke directly with Mullings at the time. Officers of the Quad Cities Metropolitan [Drug] Enforcement Group (MEG) were also enlisted to assist in the investigation. Eventually, Dukes was observed and later identified as a participant in the drug transactions being carried out between Mullings, the CI, and the law enforcement agents. These transactions included transfers that occurred on December 17, 1996, and January 7, 1997, at the West Campus of the Genesis Hospital in Davenport. After the January 7, 1997, interchange, Mullings was arrested following a short foot chase. Although at or near the hospital at the time, Dukes managed to escape from the vicinity and was later arrested in Chicago. Other more specific facts necessary for a discussion of the issues will be included as needed.

## II.    DISCUSSION

### A.    Dukes

Dukes asserts that a judgment of acquittal or a new trial should be ordered. He claims that (1) trial testimony concerning a confession by codefendant Mullings improperly incriminated him in violation of the confrontation clause of the Sixth Amendment; (2) the government knowingly presented false testimony, inconsistent theories of guilt and improper jury arguments; (3) his due process was violated by the introduction of unreliable identification testimony; (4) the court erred in not suppressing evidence from an apartment search conducted with a warrant obtained after presentation of an affidavit containing recklessly false information; (5) there was insufficient evidence to convict; (6) the court erred in admitting into evidence a firearm found in his apartment because its probative value was outweighed by its unfairly prejudicial effect; (7) the court erred in failing to grant a new trial because the verdict was against the weight of the evidence; and (8) the court erred in counting a prior conviction in assessing his sentence.

As a result of an injury incurred in the course of his arrest, Mullings was hospitalized at the West Genesis facility. During this inpatient treatment time, Mullings gave a statement to the police that implicated both himself and Dukes. However, Mullings did not testify at the trial.

Dukes raised objections to the use of inculpatory information concerning his participation in the charged offenses contained in Mullings's communications to IDNE and MEG officers. The objections were based, at least in part, on confrontation clause limitations established by Bruton v. United States, 391 U.S. 123 (1968). For various reasons, the objections were sustained and the trial court disallowed government use of the Mullings statement at trial.

The Mullings confession contained references to Dukes's use of the street name "Chip." Mullings, while at the hospital, consented to the search of his apartment. This search produced a slip of paper containing the name Chip. One of the IDNE officers testified that the paper was found in the search and that it was seized because the officer was aware that Mullings's source of supply was a person called Chip. Dukes claims this testimony was a violation of Bruton because, in his view, the jury must have concluded that this information came from Mullings's confession. However, other witnesses established Dukes's usage of the name. Indeed, there was testimony from the same officer that his source of information about a person known as Chip being Mullings's source of supply emanated from a trial witness who had transported Chip (Dukes) to the hospital on the afternoon of January 7. Given this testimony and other trial evidence linking Dukes to the street name of Chip, we fail to see a Bruton violation.

A search warrant for Dukes's apartment was issued by a state magistrate judge based upon an affidavit now challenged by appellant. The issuing judge also received sworn testimony from a MEG agent who testified that he had obtained the apartment address from Dukes's girlfriend. A statement in the affidavit indicated that a vehicle

registered to Dukes was seen at the last two purchases of drugs from Mullings. This automobile information was admittedly false, but, according to the government, not recklessly false, since Dukes was seen at the last two purchases and his car was seen at a November 26, 1996, sale. The government claims that this was nothing more than a modestly negligent mistake made by the attesting officer. Dukes also claims that the woman supplying the address was not his "girlfriend" in the usual sense. Although the friend was apparently not a person with whom Dukes had an intimate relationship, she was, without dispute, a woman and a friend.

Franks v. Delaware, the seminal case on the effect of the use of false information in a search warrant affidavit, requires a challenger of a warrant to show (1) that the affidavit contained false statements; (2) that the statements were material to the issue of probable cause; and (3) that the false statements were made knowingly and intentionally or with reckless disregard for the truth. 438 U.S. 154, 171-72 (1978). Dukes's attack on the constitutionality of the search warrant fails on two grounds. First, even discounting the allegedly false statements, the affidavit was more than sufficient to establish probable cause to search. Second, the "girlfriend" reference was not false and the automobile reference was both immaterial and certainly not intentionally or recklessly advanced under all the facts. Thus, this challenge fails.

As noted, Dukes advances several additional challenges. We have examined each of them carefully in light of the record and the prevailing law of this circuit. Upon so doing, we find them to be without merit.

### B.    Mullings

The government contends that the district court erred in concluding that Mullings qualified for the so-called safety valve provision somewhat recently added to the United States Sentencing Guidelines. In this regard, the United States claims that

Mullings did not provide a complete and truthful statement concerning the offenses and that attempts to question him after his arrest were thwarted.

Section 5C1.2 provides that the court will impose the applicable guidelines sentence, without regard to any statutory minimum, if

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S. Sentencing Guidelines Manual § 5C1.2 (1998).

Although the defendant must show that he has provided complete and truthful information, see United States v. Weekly, 118 F.3d 576, 581 (8th Cir. 1997), nothing in the guideline or statute specifies the form or place or manner of disclosure, see United States v. Montanez, 82 F.3d 520, 522 (1st Cir. 1996). At the Genesis Hospital, on the evening of January 7, 1997, Mullings provided information about the various crimes including the identification of Dukes as a participant, the location of Mullings's residence, and many other details.

After receiving evidence at the sentencing hearing concerning this information exchange, the trial court found that Mullings had truthfully provided all information and evidence he had concerning the offenses. In our view, this finding was not clearly erroneous. See United States v. Romo, 81 F.3d 84, 86 (8th Cir. 1996). Thus, the government's challenge is also without merit.

## III.   CONCLUSION

Accordingly, we affirm the conviction and sentence of Dukes and affirm the sentence imposed upon Mullings.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.