# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2565

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Khaleilah Trepagnier, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 2, 1998
Filed: December 9, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Khaleilah Trepagnier pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. At sentencing, Trepagnier argued that the district court[1] should apply the "safety-valve" provision, see 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2 (1997), and sentence her below the statutory mandatory-minimum sentence. Trepagnier further argued that the court should depart downward

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

based on her extraordinary rehabilitative efforts. While acknowledging there was no dispute that she had not fulfilled section 5C1.2(5)'s requirement to provide truthfully all information concerning her offense, Trepagnier argued she should be excused from this condition because revealing to the government all she knew would place her and her family in danger. After receiving evidence on the issue, the court found that Trepagnier did not qualify for safety-valve relief under section 5C1.2; the court also denied as moot Trepagnier's downward-departure motion. The court then sentenced Trepagnier to 120 months' imprisonment and five years' supervised release. Trepagnier appeals, and we affirm.

Trepagnier reiterates the arguments made below, asserting that the court should have drawn analogies to U.S. Sentencing Guidelines Manual § 5K2.11, p.s. (1997), because by not providing information to the government she was preventing a potential harm to her family; and to U.S. Sentencing Guidelines Manual § 5K2.12, p.s. (1997), because the threat of retribution if she provided any information was tantamount to serious coercion or duress.

We review for clear error the district court's finding that a defendant has or has not provided complete and truthful information, see United States v. Dukes, 147 F.3d 1033, 1036 (8th Cir.1998), petition for cert. filed, (U.S. Nov. 11, 1998) (No. 98-6911), and we review the court's interpretation of the Guidelines de novo, see United States v. Wells, 127 F.3d 739, 745 (8th Cir. 1997). Under the safety-valve provision, a defendant will be relieved from a mandatory-minimum sentence and will become eligible for a downward departure provided she, among other things, has "truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." USSG § 5C1.2(5); see United States v. Weekly, 118 F.3d 576, 581 (8th Cir.), order modifying dissenting op., 128 F.3d 1198 (8th Cir.), cert. denied, 118 S. Ct. 611 (1997). Guidelines sections 5K2.11 and 5K2.12 provide grounds to depart from an applicable sentencing range based on the defendant's reason for committing

the offense, and by their plain language these sections do not provide grounds to waive subsection (5)'s requirement that a defendant truthfully tell all that she knows. Although we agree with the district court that Trepagnier is in a difficult position, she provides no authority--and we have found none--to support her far-reaching argument, and at this time, we decline to create such an exception to subsection (5) of the safety-valve provision. See United States v. Roman-Zarate, 115 F.3d 778, 785 (10th Cir. 1997) (holding it would contravene purpose of the statute to accept defendant's argument that his lack of complete disclosure should be excused because such disclosure would endanger his life); United States v. Montanez, 82 F.3d 520, 523 (1st Cir. 1996) ("Defendants often have reasons, such as loyalty to a confederate or fear of retribution, for not wanting to make full disclosure. But full disclosure is the price that Congress has attached to relief under the statute . . . .").

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-