# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1981
_____

| | |
|---|---|
| Romaine Dukes, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the Southern |
| | * District of Iowa. |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted:  April 12, 2001

Filed:  July 11, 2001

_____

Before BYE and BEAM, Circuit Judges, and NANGLE,[1] District Judge.

_____

BEAM, Circuit Judge.

On June 30, 1997, a jury convicted Romaine Dukes of one count of conspiring to distribute cocaine base and two counts of distributing cocaine base.  Because of the drug quantity involved and Dukes' two prior felony drug convictions, he was sentenced to a mandatory life term of imprisonment on the conspiracy count and on one distribution count, and to ten years' imprisonment on the other distribution count.  This

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

court affirmed the direct appeal of his conviction. United States v. Dukes, 147 F.3d 1033 (8th Cir. 1998). After the Supreme Court rendered its opinion in Jones v. United States, 526 U.S. 227 (1999), but prior to its opinion in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), Dukes petitioned for habeas corpus relief pursuant to 28 U.S.C. § 2255, which the district court[2] denied, and upon which we ultimately issued a certificate of appealability.[3] Because Dukes is precluded from raising Apprendi errors on collateral review, we affirm the judgment of the district court.

Dukes' challenge under Jones encompasses the issue the Court definitively addressed in Apprendi. See United States v. Moss, No. 99-3169, 2001 WL 637312, at *2 (8th Cir. June 11, 2001). In Apprendi, the Court held that, with the exception of prior convictions, any fact that increases the penalty for a crime beyond the maximum statutory penalty must be submitted to a jury and proven beyond a reasonable doubt. 120 S. Ct. at 2362-63; see also United States v. Nordby, 225 F.3d 1053, 1057 (9th Cir. 2000) ("Apprendi v. New Jersey is the latest in a series of cases in which the Supreme Court has expressed a heightened concern that the determination of 'sentencing factors' by a judge using a preponderance-of-the-evidence standard implicates the accused's right to due process under the Fifth Amendment and right to a jury trial under the Sixth."). We have held that, when drug quantity has not been alleged in the indictment and found beyond a reasonable doubt by a jury, Apprendi precludes imposition of a sentence in excess of the maximum prescribed by 21 U.S.C. § 841(b)(1)(C). United States v. Bradford, 246 F.3d 1107, 1113 (8th Cir. 2001); United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000).

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

[3]Dukes' petition raised a variety of issues but we granted a certificate of appealability only for the issue we now address.

Although we retroactively apply <u>Apprendi</u> in cases on direct appeal, <u>United States v. Anderson</u>, 236 F.3d 427, 429 (8th Cir. 2001), this court has recently concluded that <u>Apprendi</u> presents a new rule of constitutional law that is not of "watershed" magnitude and, consequently, petitioners may not raise <u>Apprendi</u> claims on collateral review. <u>Moss</u>, 2001 WL 637312, at *2 (relying upon <u>Teague v. Lane</u>, 489 U.S. 288 (1989) (plurality)). Furthermore, even if petitioners could collaterally attack their sentences based on <u>Apprendi</u>, in <u>Moss</u> this court also determined that failure to make that challenge in a direct appeal procedurally bars its assertion on collateral review. <u>Id.</u> at *5, *7.

While the Supreme Court has not spoken on the issues decided in <u>Moss</u>,[4] we are bound by that decision. <u>United States v. Reynolds</u>, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another."). Although in this case there may be sufficient bases for overcoming the procedural bar, we find no way around <u>Moss</u>' prohibition on retroactive application. Therefore, we are unable to reach the merits of Dukes' claim.

Accordingly, the judgment of the district court is affirmed.

---

[4]We recognize some of the concerns Judge Arnold expressed in <u>Moss</u>. 2001 WL 637312, at *7**-**10 (Arnold, R., J., dissenting). Although we have refused to apply <u>Apprendi</u> retroactively on successive habeas petitions, we made that decision because "the plain language of the [habeas corpus] statutes governs our authority." <u>Rodgers v. United States</u>, 229 F.3d 704, 706 (8th Cir. 2000)**.** In contrast, we have said that "[o]ur review of initial § 2255 petitions is not so limited," and "have previously accepted review of <u>Apprendi</u> claims raised in *initial* § 2255 motions." <u>Id.</u> at 705, 706; <u>see also</u> <u>United States v. Murphy</u>, 109 F.Supp.2d 1059 (D. Minn. 2000). <u>But see</u> <u>United States v. Sanders</u>, 247 F.3d 139, 146 (4th Cir. 2001) (reaching contrary result).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.