# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### FRED ZONGE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 08-CR-160      William B. Acree, Jr., Judge**

———————————

**No. W2008-01930-CCA-R3-PC  - Filed January 23, 2009**

———————————

The petitioner, Fred Zonge, appeals the Obion County Circuit Court's summary dismissal of his petition for post-conviction relief as time-barred. On appeal, the petitioner argues that due process tolled the statute of limitations based upon our supreme court's holding in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*"), which the petitioner claims announced a new rule of constitutional law, and the United States Supreme Court's holding in *Danforth v. Minnesota*, ___ U.S. ___, 128 S. Ct. 1029 (2008), which changed the standard for determining if new rules of law were entitled to retroactive application. The State has filed a motion requesting that this court affirm the post-conviction court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish that the petition was timely filed or that a recognized exception to the rule applies, we grant the State's motion and affirm the judgment of the Obion County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ. joined.

Fred Zonge, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Leslie E. Price, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In March 1994, the petitioner was convicted by an Obion County jury of especially aggravated kidnapping, especially aggravated burglary, aggravated assault, and theft of property over $1000. He was subsequently sentenced as a Range II offender to an effective sentence of thirty-five years in the Department of Correction. On direct appeal, a panel of this court affirmed the petitioner's convictions but modified his conviction for especially aggravated burglary to aggravated

burglary. *State v. Zonge*, 973 S.W.2d 250 (Tenn. Crim. App. 1997), *perm. app. denied* (Tenn., July 13, 1998).

On July 28, 2008, the petitioner filed the instant *pro se* petition seeking post-conviction relief. In the petition, the petitioner asserted that the enhancement of his sentence violated the Sixth Amendment to the United States Constitution as interpreted by *Gomez II*. According to the petitioner, *Gomez II* announced a new rule of constitutional law which was entitled to retroactive application. On August 7, 2008, the post-conviction court summarily dismissed the petition after determining that it was barred by the statute of limitations. The petitioner now appeals.

**Analysis**

At the time the offenses were committed in this case, the Post-Conviction Procedure Act provided that any petition for post-conviction relief must be filed within three years of the date of the final action of the highest appellate court to which an appeal was taken or such petition would be barred. T.C.A. 40-30-102 (1994). The statute was amended in 1996 to reflect a statute of limitations of one year. T.C.A. § 40-30-102(a) (2006). However, due process dictates that the statute of limitations not be so strictly applied so as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d 559 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). However, the exceptions to the statute of limitations are explicitly limited to the following circumstances:

(1) claims based upon a new rule of constitutional law applicable to a petitioner's case;
(2) claims based upon new scientific evidence showing innocence; and
(3) claims based upon enhanced sentences which were enhanced because of convictions subsequently found to be illegal.

T.C.A. § 40-30-102(b)(1)-(3). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. T.C.A. § 40-30-102(b).

The petitioner acknowledges that his petition was filed outside the applicable statute of limitations but argues that due process suspends the rule because he was precluded from previously bringing the claim. In his petition, he relied upon *Gomez II,* which he claims "issued a new state rule of constitutional law when it held that the 'Reform Act' offended the Sixth Amendment to the United States Constitution." For the first time on appeal, he further argues that he was barred from bringing his post-conviction claim regarding this right, established in *Apprendi v. New Jersey*, until the Supreme Court, in *Danforth v. Minnesota*, 128 S. Ct. 1029 (2008), held that the states were no longer required to apply the retroactive standard of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989), to new federal rules. He argues that his claim was timely filed as it was filed within one year of the *Danforth* decision because, until that point, he had no legal standing to bring a claim. He contends that the standard for retroactivity is now governed by Tennessee Code Annotated section 40-30-122 (2006).

We must reject the petitioner's argument with regard to due process excusing his untimely filing. Our courts have repeatedly held that neither *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007) nor *Gomez II* established a new constitutional rule which would entitle the petitioner to file a post-conviction petition outside the statute of limitations. *Gomez v. State*, 163 S.W.3d 632, 648-51 (Tenn. 2005) ("*Gomez I*"). Rather, the rule in *Gomez II* is a clarification of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

The petitioner was convicted prior to the decision in *Apprendi*, which was decided on June 26, 2000. In that case, "the Supreme Court announced a new constitutional rule of criminal procedure by holding that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.'" *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001)(quoting *Apprendi*, 530 U.S. at 491, 120 S. Ct. at 2362-63); *see also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (holding that "*Apprendi* is certainly a new rule of criminal procedure"); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) (holding that "*Apprendi* is obviously a 'new rule'"). However, the great weight of authority has held that "*Apprendi* is not the type of watershed rule of criminal procedure that qualifies for retroactive application under the second exception." *Dukes v. United States*, 255 F.3d 912, 913 (8th Cir. 2001) (holding that "*Apprendi* presents a new rule of constitutional law that is not of 'watershed' magnitude and, consequently, petitioners may not raise *Apprendi* claims on collateral review"); *Sanders*, 247 F.3d at 151 (holding that "the new rule announced in *Apprendi* does not rise to the level of a watershed rule of criminal procedure which 'alter[s] our understanding of the bedrock elements essential to the fairness of a proceeding'"); *McCoy v. United States*, 266 F.3d 1245, 1257 (11th Cir. 2001) (agreeing with the other circuits that "*Apprendi* is not sufficiently fundamental to fall within *Teague*'s second exception"). Accordingly, the new constitutional rule announced in *Apprendi* did not apply retroactively on collateral review. Likewise, this court has previously held that the clarification of the rule in the subsequent cases of *Blakely* and *Gomez II* was also not entitled to retroactive application. *See Schiriro v. Summerlin*, 542 U.S. 348, 353 (2004); *see also Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 1, 2007).

Thus, we agree with the petitioner, based upon the above applicable law, that he did, in fact, lack standing to bring his claim. However, the petitioner's argument with regard to the standard for determining retroactivity of a new rule also fails to entitle him to relief. Even if we accept the petitioner's contention that Tennessee Code Annotated section 40-30-122 governs our determination of whether a new rule should be retroactively applied, the petitioner's argument fails, as this court has previously held that, pursuant to that statute, *Blakely* violations are not permitted retroactive application in post-conviction proceedings. *State v. William J. Carico*, No. E2004-02231-CCA-R3-PC (Tenn. Crim. App., at Knoxville, July 5, 2005).

Thus, because the petition in this case was not timely filed and no recognized exception to the statute of limitations applies, the petition was properly dismissed. The petitioner's argument that the post-conviction court should have, at a minimum, held a hearing on the petition is also without merit. Tennessee Code Annotated section 40-30-106(b) expressly provides that if it is plainly

apparent from the face of the petition for post-conviction relief that the petition was not filed within the time set forth in the statute of limitations, the trial court "shall" enter an order dismissing the petition.

## CONCLUSION

Based upon the foregoing, the decision of the Obion County Circuit Court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE