IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

## ALBERT F. KELLY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-11190      James C. Beasley, Jr., Judge**

**No. W2008-02236-CCA-R3-PC  - Filed June 12, 2009**

The petitioner, Albert F. Kelly, proceeding *pro se*, presents a Rule 3 appeal from the Shelby County Criminal Court's summary denial of his motion to reopen his post-conviction petition. In his motion to reopen, the petitioner asserted a new rule of constitutional law and relied upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004); *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007); and *State v. Gomez*, 239 S.W.3d 733 (2007) ("*Gomez II*"), to support his argument that he is entitled to have his sentence reduced to the minimum within the range, as the trial court, not the jury, found applicable enhancement factors. The post-conviction court summarily denied the petition, finding that the petitioner had failed to assert a valid statutory basis for a motion to reopen a post-conviction petition. Following the denial, the petitioner filed a Rule 3 notice of appeal in the Shelby County Criminal Court. Because the petitioner has failed to comply with the statutory requirements for appealing the denial of a motion to reopen, this court is without jurisdiction to review the merits of the issue presented. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Albert F. Kelley, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The petitioner was indicted on one count of rape, a Class B felony, and a jury trial was commenced. *Albert Frank Kelly v. State*, No. W2004-01580-CCA-R3-PC (Tenn. Crim. App., at

Jackson, Mar. 4, 2005). Following the testimony of the victim, the petitioner chose to change his plea and entered an open plea of guilty. *Id*. Following a sentencing hearing, he was sentenced to twenty years as a Range II offender. *Id*. Although no direct appeal was taken, the petitioner did file a petition for post-conviction relief, the denial of which was affirmed by a panel of this court on appeal. *Id*.

The petitioner subsequently filed a motion to reopen his post-conviction petition on a standardized form entitled "petition for post-conviction relief." However, a reading of the petition reveals that it was the petitioner's intent to file a motion to reopen a petition for post-conviction relief, as the petition is accompanied by a "memorandum of law in support of petition to reopen post-conviction petition." Within the motion, the petitioner asserts a newly announced constitutional rule of law as grounds to reopen his post-conviction petition, specifically citing to *Gomez II, Blakely*, and *Apprendi*. Subsequently, the trial court summarily denied the motion in an order entitled "order denying post-conviction relief." However, within the body of the order, the court specifically found that "the Motion to Re-Open the Post Conviction Petition filed in this matter is not well taken and should be Denied," because the claim was not cognizable in a motion to reopen a post-conviction petition. The petitioner then filed a standardized Rule 3 notice of appeal form in the Shelby County Criminal Court.

## Analysis

On appeal, the petitioner contends that the trial court erred in summarily denying his petition. Specifically, he contends that his argument did not rely upon *Gomez II* but, rather, that "the crux of [his] petition to the trial court was *Apprendi*." He asserts that he should not be penalized for not pursuing his rights under the *Apprendi* decision as he did not have the benefit of the *Blakely* decision at the time he was sentenced. He further asserts that retroactive application of *Apprendi* should apply.

As an initial matter, the State contends that this court is without jurisdiction to hear this appeal as the petitioner failed to properly file an application for permission to appeal and also contends that the appeal should be dismissed. In seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. T.C.A. § 40-30-117(c) (2006) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(B). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* T.C.A. § 40-30-117(c) (emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(B). In the present case, the petitioner has failed to comply with the statutory requirements for seeking appellate review. Although timely filed, the petitioner filed his application in the wrong court and failed to attach to his notice of appeal the documents filed by the parties in the trial court and the order of the trial court denying the motion. Moreover, nothing in the notice of appeal document reflects the nature of the grounds that he alleged in his motion to reopen his post-conviction petition. Relevant information, including the challenged order, is before this court only because a record was transmitted as if this were an appeal as of right rather than an application for discretionary review. Nothing in the notice

of appeal document indicates that it could be effectively treated as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements contained in Tennessee Code Annotated section 40-30-117(c). *See John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App., at Jackson, Mar. 23, 2000); *William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 7, 1999); *Lucy Killebrew v. State*, No. 03C01-9809-CR-00320 (Tenn. Crim. App., at Knoxville, Oct. 5, 1999), *perm. to appeal denied* (Tenn. Apr. 24, 2000). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this court of jurisdiction to entertain such matters. *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC. Finally, neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this court to suspend the statutory requirements. *Id.* Accordingly, this court is without jurisdiction to entertain this matter.

The petitioner argues in his reply brief that he should not be penalized because the trial court's order was ambiguous as it was identified as an order which denied post-conviction relief. He acknowledges, however, that within the body of the order the trial court specifically stated that the "motion to reopen the petition for post-conviction relief" was denied. We must, however, reject the petitioner's argument. He clearly knew that the motion he filed was a motion to reopen a petition for post-conviction relief, as he had previously filed his post-conviction petition. His memorandum of law was so styled, and his argument contained therein was clearly made to support a petition to reopen. Moreover, by his own admission, he had filed a previous petition to reopen his petition for post-conviction relief. As such, we must conclude that the petitioner has failed to comply with the statutory requirements, thereby depriving this court of jurisdiction.

Notwithstanding, even had this court been vested with jurisdiction, we agree with the trial court that the motion fails to assert a claim upon which a motion to reopen a petition for post-conviction relief may be granted. As noted, the argument asserted by the petitioner is that his sentence exceeds the statutory minimum in violation of his Sixth Amendment right to a trial by jury in violation of *Gomez II*, *Blakely*, and *Cunningham*. As relevant in this case, in order to reopen his petition, the petitioner would be required to establish that there had been a final appellate court ruling that established a constitutional right which was not recognized as existing at the time of trial and that retroactive application of that right was required. T.C.A. §§ 40-30-102(b)(1), 40-30-117(a)(1) (2006). As correctly pointed out by the State, it has repeatedly been held that the decisions in *Gomez II*, *Blakely*, and *Cunningham* did not announce a new rule of law and merely applied the rule previously set forth in *Apprendi*. *See State v. Gomez*, 163 S.W.3d 632, 648-51 (Tenn. 2005). Moreover, it has also repeatedly been held that the line of cases relied upon by the petitioner are not to be applied retroactively on collateral appeal. *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004); *Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC (Tenn. Crim. App., at Nashville, Nov. 13, 2007); *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 1, 2007).

Contrary to the assertions in his motion and memorandum, the petitioner contends in his reply brief that his argument "rested solely on *Apprendi*" and that "some court, at some point, is going to have to make a logical legal determination as to the retroactivity of *Apprendi*." We would agree with the petitioner that *Apprendi* is the controlling law of his case based upon the timing of his convictions, and we would further agree with his assertions that, in *Apprendi,* the Supreme Court announced a new constitutional rule of criminal procedure by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001)(quoting *Apprendi*, 530 U.S. at 491, 120 S. Ct. at 2362-63); *see also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (holding that "*Apprendi* is certainly a new rule of criminal procedure"); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) (holding that "*Apprendi* is obviously a 'new rule'"). However, contrary to the petitioner's assertions, it has repeatedly been held that "*Apprendi* is not the type of watershed rule of criminal procedure that qualifies for retroactive application." *Dukes v. United States*, 255 F.3d 912, 913 (8th Cir. 2001) (holding that "*Apprendi* presents a new rule of constitutional law that is not of 'watershed' magnitude and, consequently, petitioners may not raise *Apprendi* claims on collateral review"); *Sanders*, 247 F.3d at 151 (holding that "the new rule announced in *Apprendi* does not rise to the level of a watershed rule of criminal procedure which 'alter[s] our understanding of the bedrock elements essential to the fairness of a proceeding'"); *McCoy v. United States*, 266 F.3d 1245, 1257 (11th Cir. 2001) (agreeing with the other circuits that "*Apprendi* is not sufficiently fundamental to fall within *Teague's* second exception"). Thus, the petitioner has failed to put forth a claim which would entitle him to reopen his petition for post-conviction relief.

## CONCLUSION

Because the petitioner failed to comply with the statutory requirements of appealing the denial of a motion to reopen a petition for post-conviction relief, this court is deprived of jurisdiction to hear his appeal. Accordingly, the appeal is dismissed.

 

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE