# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2013

## JERRY A. BELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No.  01-11772-01-11795     James Lammey, Jr., Judge**

---

**No.  W2013-00176-CCA-R3-PC  - Filed September 4, 2013**

---

Petitioner, Jerry A. Bell, was convicted in three separate trials of multiple felonies which resulted in three separate appeals.  *See State v. Jerry Bell*, No. W2003-02870-CCA-R3-CD, 2005 WL 1105158 (Tenn. Crim. App., at Jackson, May 10, 2005); *State v. Jerry Bell*, No.W2004-01355-CCA-R3-CD, 2005 WL 2205849 (Tenn. Crim. App., at Jackson, Sept. 12, 2005); *State v. Jerry Bell*, No. W2005-02812-CCA-R3-CD, 2006 WL 2872472 (Tenn. Crim. App., at Jackson, Oct. 9, 2006).  Petitioner filed a *pro se* petition for post-conviction relief jointly attacking these convictions and arguing that the statute of limitations should be tolled because the cases of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *Cunningham v. California*, 549 U.S. 270 (2007); and *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*"); established a new constitutional right requiring the tolling of the statute of limitations or in the alternative that his due process rights were violated such that the tolling of the statute of limitations is required.  The post-conviction court summarily dismissed the petition.  Petitioner appeals this dismissal.  We have reviewed the record on appeal and conclude that there is no basis upon which to toll the statute of limitations.  Therefore, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Jerry A. Bell, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner was convicted by a jury of two counts of aggravated robbery, one count of aggravated burglary, one count of aggravated assault, and one count of possession of a deadly weapon with the intent to employ it in the commission of aggravated robbery. *Jerry Bell*, 2006 WL 2872472, at *2. He was sentenced to an effective sentence of twenty-three years. *Id.* In a separate trial, Petitioner was convicted by a jury of one count of aggravated burglary and two counts of aggravated robbery. *Jerry Bell*, 2005 WL 2205849, at *2. He was sentenced to an effective sentence of twenty years. *Id.* In a third trial, Petitioner was convicted of one count of aggravated burglary, two counts of kidnapping, and two counts of rape. *Jerry Bell*, 2005 WL 1105158, at *3. He was sentenced to an effective sentence of fourteen years, eleven months and twenty-nine days. *Id.* Petitioner appealed these convictions in three separate proceedings.

Petitioner filed a single petition for post-conviction relief on July 12, 2012.[1] In this petition, he sought relief from the convictions that were the result of all three of his trials. The petition was filed after the one-year statute of limitations expired. Among his arguments, he claimed that the statute of limitations should be tolled for due process reasons. The post-conviction court summarily dismissed the petition for failure to comply with the statute of limitations.

## ANALYSIS

Petitioner argues that the post-conviction court erred in summarily dismissing his petition. The State argues that the post-conviction court properly dismissed the petition because there was no reason to toll the statute of limitations.

Under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) lists the exceptions to the statute of limitations as situations where: (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as

---

[1] The Post-conviction Procedure Act states that a petitioner must file separate petitions for a collateral attack on judgments stemming from separate trials. T.C.A. § 40-30-104(c).

existing at the time of trial, if retrospective application of that right is required;" (2) "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted;" or (3)

> The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the post-conviction court properly determined that the petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. Appellant did not appeal his convictions to our supreme court for any of his three appeals. *See Jerry Bell*, 2005 WL 1105158 at *1; *Jerry Bell*, 2005 WL 2205849 at *1; *Jerry Bell*, 2006 WL 2872472, at *1. Therefore, the date of final action is the date that the opinions of this Court were filed: May 10, 2005; September 12, 2005; and October 9, 2006. Clearly, Petitioner's July 12, 2012 Petition for Post-conviction relief was outside the statute of limitations.

### *Apprendi* **and** *Blakely*

Petitioner argues that the holdings in *Apprendi* and *Blakely*, authored by the United States Supreme Court, established a new constitutional right that should be applied retroactively and would meet the first exception set out in Tennessee Code Annotated section 40-30-102(b)(1).

This Court has previously determined that *Apprendi* does not apply retroactively so as to warrant collateral relief. This Court has held:

> A "case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] . . . if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted); *see also Van Tran v. State*, 66 S.W.3d 790, 810-11 (Tenn. 2001). Courts addressing whether *Apprendi* sets forth a new rule have held that, in *Apprendi*, "the Supreme Court announced a new constitutional rule of criminal procedure by holding that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

-3-

submitted to the jury, and proved beyond a reasonable doubt."' *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001) (quoting *Apprendi*, 530 U.S. at 491); *see also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (holding that "*Apprendi* is certainly a new rule of criminal procedure"); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001)(holding that "*Apprendi* is obviously a 'new rule'"). Because *Apprendi* sets forth a new constitutional rule of criminal procedure, the fundamental question becomes whether *Apprendi* applies retroactively to the petitioner's case.

New rules of constitutional criminal procedure are generally not applied retroactively on collateral review. *Teague*, 489 U.S. at 310. However, this general rule is subject to two exceptions. *Id.* "First, a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* at 307. Second, a new rule should be applied retroactively if it is a "watershed rule of criminal procedure, . . . which implicates both the accuracy and fundamental fairness of criminal proceedings." *Moss*, 252 F.3d at 998 (citing *Teague*, 489 U.S. at 312). Clearly, the first exception is not applicable to the petitioner's claim, because the rule set forth in *Apprendi* "did not decriminalize any class of conduct or prohibit a certain category of punishment for a class of defendants." *McCoy v. United States*, 266 F.3d 1245, 1256 (11th Cir. 2001). Furthermore, the great weight of authority holds that *Apprendi* is not the type of watershed rule of criminal procedure that qualifies for retroactive application under the second exception. *Dukes v. United States*, 255 F.3d 912, 913 (8th Cir. 2001) (holding that "*Apprendi* presents a new rule of constitutional law that is not of 'watershed' magnitude and, consequently, petitioners may not raise *Apprendi* claims on collateral review"); *Sanders*, 247 F.3d at 151 (holding that "the new rule announced in *Apprendi* does not rise to the level of a watershed rule of criminal procedure which 'alters our understanding of the bedrock elements essential to the fairness of a proceeding'"); *McCoy*, 266 F.3d at 1257 (agreeing with the other circuits that "*Apprendi* is not sufficiently fundamental to fall within Teague's second exception"). Accordingly, we conclude that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review.

*William Steve Greenup v. State*, No. W2001-01764-CCA-R3-PC, 2002 WL 31246136, at *2-3 (Tenn. Crim. App., at Jackson, Oct. 2, 2002).

In addition, our courts have repeatedly held that *Apprendi*, *Blakely*, *Cunningham* and *Gomez II*, did not establish a new rule of constitutional law which was entitled to retroactive application on collateral review. *Travis J. Woods v. State*, No. E2007-02379-CCA-R3-PC, 2009 WL 723522 at *14-15 (Tenn. Crim. App., at Knoxville, Mar. 18, 2009), *perm. app. denied*, (Tenn. Aug. 17, 2009); *Ira Ishamael Muhammad v. State*, No. E2007-00748-CCA-R3-PC, 2009 WL 400633, at *5 (Tenn. Crim. App., at Knoxville, Feb. 18, 2009), *perm. app. denied*, (Tenn. Aug. 17, 2009); *Ortega Wiltz v. State*, No. M2006-02740-CCA-R3-PC, 2008 WL 1850796, at *9 (Tenn. Crim. App., at Nashville, Apr. 25, 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008); *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007).

Therefore, Petitioner's argument with regard to an exception to the statute of limitations based upon the decisions in *Apprendi*, *Blakely*, *Cunningham* and *Gomez II* must fail.

### Due Process

Petitioner also argues that " application of the Statute of Limitations to bar his Petition for Post-Conviction Relief would deprive him of liberty without Due Process because he will have to serve an excessive sentence despite the fact that this court has ruled that the Sentencing Reform Act of 1989[ ] violated his right to Due Process."

In addition to the exceptions set out above in Tennessee Code Annotated section 40-30-102(b), the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), one in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992), and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), the Tennessee Supreme Court analyzed a situation where due process limitations toll the statute of limitations. In *Burford*, the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

[I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken" – or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301 (footnote omitted). However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams*, the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.* In other words, *Williams* "appears to limit claims of attorney misrepresentation tolling the statute of limitations to times when counsel has made misrepresentations directly related to filing a defendant's appeal." *Crawford v. State*, 151 S.W.3d 179, 184 (Tenn. Crim. App. 2004).

Petitioner does not describe in what way his due process rights have been violated. In addition, we can find no support for his contention that "this court has ruled that the

Sentencing Reform Act of 1989, violated his right to Due Process." Upon appeal to this Court for all three of his direct appeals his sentences were affirmed. *See Jerry Bell*, 2005 WL 1105158 at *1; *Jerry Bell*, 2005 WL 2205849 at *1; *Jerry Bell*, 2006 WL 2872472, at *1. Petitioner cites *Burford* to support his argument. However, Petitioner is not in a situation analogous to *Burford*.

Because we can discern no argument as to how his due process rights were violated that require the tolling of the statute of limitations, Petitioner is not entitled to relief on this issue.

### Other Issues

Petitioner also argues that he was afforded ineffective assistance of counsel and that the trial court erred in imposing consecutive sentences. Because we have already determined that the petition was filed outside the statute of limitations and there is no reason for tolling the statute, we decline to address Petitioner's remaining issues.

### CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's summary dismissal of the petition.

_____
JERRY L. SMITH, JUDGE